**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LATAWNYA DENISE COWAN, | |
| **Plaintiff,** | **Case No. 25-4131-DDC-RES** |
| **v.** | |
| KANSAS DEPARTMENT OF CHILDREN AND FAMILIES, | |
| **Defendant.** | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Latawnya Denise Cowan[1] has filed a motion asking the court to dismiss this action without prejudice.  Doc. 17 at 1.  The court liberally construes the motion as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i)—a self-executing notice that the court needn't authorize.  *See Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (explaining that when a plaintiff gives a "clear statement" requesting dismissal, "no action is required on the part of the court").  The court thus directs the Clerk of Court to treat plaintiff's Motion to Dismiss (Doc. 17) as a Notice of Dismissal and close this case.

Plaintiff's filing also asks the court to acknowledge that she didn't consent to a magistrate judge overseeing her case.  Doc. 17 at 4.  Plaintiff misunderstands the governing law.  The relevant statute, 28 U.S.C. § 636(b)(1)(A), "authorizes a judge to designate a magistrate judge to hear and determine any pretrial matter except for certain dispositive motions listed therein."

---

[1]     Plaintiff proceeds pro se.  The court construes her filings liberally and "hold[s] [them] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court doesn't "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

*Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir. 1992). And § 636(b)(1)(B) "authorizes a judge to designate a magistrate judge to conduct evidentiary hearings and submit proposed findings and recommendations" on dispositive motions, criminal defendants' applications for post-trial relief, and certain prisoner petitions. *Id.* This misunderstanding aside, the court declines to "acknowledge" anything. Plaintiff has dismissed this case, so there's no live controversy for the court to address. And the Constitution prohibits the court from issuing advisory opinions about plaintiff's results in her appearances before a magistrate judge. *See Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011) (explaining mootness of claims for declaratory relief and requiring claims for declaratory relief to settle "some dispute which affects the behavior of the defendant toward the plaintiff" (quotation cleaned up)).

Plaintiff also asks the court to permit refiling. Doc. 17 at 4. The court declines to do so—refiling is up to plaintiff. The court notes that Magistrate Judge Rachel Schwartz has compiled the many lawsuits plaintiff has filed and "strongly caution[ed] Plaintiff that before filing any lawsuit . . . she must ensure her claims are warranted by existing law or by a nonfrivolous argument for altering the law." Doc. 14 at 2–3. Plaintiff would do well to heed Judge Schwartz's warning.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Clerk of the Court should treat plaintiff's Motion to Dismiss (Doc. 17) as a Notice of Dismissal and close this case.

**IT IS SO ORDERED.**

**Dated this 15th day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

2